IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TAURUS JERMAINE WARE, | : |
| Plaintiff, | : |
| VS. | : |
| | :  **7 : 12-CV-130 (HL)** |
| SGT. RODNEY MILAM, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff filed this action in October 2012, raising allegations of excessive force while housed at Valdosta State Prison. Since preparing a response to Defendants' Motion for Summary Judgment on October 10, 2013, the Plaintiff has taken no action in this matter and has had no contact with the Court. (Doc. 22). A copy of the Court's last Order in this matter was mailed to the Plaintiff at his last known address February 21, 2014, and this service copy was returned to the Clerk of Court as undeliverable. (Docs. 26, 27). In their recently filed Motion to Dismiss, Defendants state that the Plaintiff was released from the custody of the Georgia Department of Corrections on January 23, 2014. (Doc. 25- 2).

The Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to take any action on his Complaint since October 10, 2013, and has failed to keep the Court informed as to his current address. *See* Doc. 5, p. 4. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v.*

*Newsome*, 863 F.2d 835 (11th Cir. 1989).  The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff.  Over six (6) months have passed since the Plaintiff's last direct contact with the Court.  Additionally, Plaintiff has failed to respond to the Court's Order dated February 21, 2014 directing a response to Defendants' Motion to Dismiss, and a returned mailing evidences Plaintiff's failure to keep the Court informed as to his current address.  The Court finds that lesser sanctions will not suffice.  Inasmuch as the Plaintiff has failed to proceed in any substantive way with this lawsuit in over six (6) months, has failed to respond to the Court's notification Order, and has failed to keep the Court informed as to his current address, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss (Doc. 25) be **GRANTED** and that this action be **DISMISSED.**  It is further recommended that the Defendants' Motion for Summary Judgment (Doc. 19) be **DENIED** as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 22nd   day of April, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE